UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TRACY SMITH**
      **Petitioner,**

  **v.**            **Case No. 06-C-0082**
                  **(Criminal Case No. 01-CR-123)**

**UNITED STATES OF AMERICA**
      **Respondent.**

## RULE 4 ORDER

  Petitioner Tracy Smith brings this 28 U.S.C. § 2255 motion to vacate his sentence. Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, I must preliminarily examine the motion.

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

  Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

Petitioner pleaded guilty to cocaine distribution, and on April 22, 2002, I sentenced him to 188 months in prison. He took no appeal. On April 1, 2003 he filed a § 2255 motion which consisted of one handwritten page and asserted two claims for relief – ineffective assistance of counsel and "relevant conduct" – with no supporting facts. He requested that I withhold any action on the motion until he was able to amend it. I agreed, and afforded him until June 2, 2003 to amend his "skeletal" pleading. See Ellzey v. United States, 324 F.3d 521, 524 (7th Cir. 2003), overruled in part on other grounds by Mayle v. Felix, 125 S. Ct. 2562 (2005) (stating that district courts may, in their discretion, allow petitioners to amend inadequate motions rather than returning them pursuant to Rule 2(d)). When he failed to file the amendment, I returned the motion pursuant to Rule 2(b) of the Rules Governing Section 2255 Proceedings and dismissed the case on July 1, 2003.[1]

In the instant motion, filed on January 19, 2006, petitioner argues that his sentence, imposed under the mandatory sentencing guidelines, was illegal in light of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). He states that his indictment did not charge drug quantity or other guidelines enhancements, and that the court imposed sentence under a preponderance of the evidence standard based on facts not charged, admitted or proven beyond a reasonable doubt. The claim fails. Booker does not apply retroactively to sentences, such as petitioner's, imposed prior to January 12, 2005. McReynolds v. United States, 397 F.3d 479 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005). In his supporting memorandum, petitioner contends that Booker did not announce a new constitutional rule but merely applied the principles of Apprendi and Blakely to a new fact

---

[1]Because that motion was not decided on the merits, the instant motion does not constitute an unauthorized second collateral attack. Ellzey, 324 F.3d at 524.

situation. Thus, he argues that it is unnecessary to consider retroactivity under <u>Teague</u>. (R. 2 at 17.) The Seventh Circuit has disagreed, <u>McReynolds</u>, 397 F.3d at 481 ("<u>Booker</u> itself represents the establishment of a new rule about the federal system"), and I am bound by its decision. <u>See also</u> <u>United States v. Gentry</u>, No. 04-11221, 2005 U.S. App. LEXIS 26883, at *10-11 (5th Cir. Dec. 8, 2005) (holding that <u>Booker</u> announced a new rule); <u>United States v. Morris</u>, 429 F.3d 65, 70-71 (4th Cir. 2005) (same); <u>United States v. Cruz</u>, 423 F.3d 1119, 1120 (9th Cir. 2005) (same).

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

3